# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 5:17-CV-00046-MR

| | |
|---|---|
| VICTORIA LYNN LAGUNAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> **Acting Commissioner of Social** ) <br> **Security** ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 14].

## I.     PROCEDURAL BACKGROUND

The Plaintiff, Victoria Lynn Lagunas ("Plaintiff"), filed applications for disability insurance benefits under Title II of the Social Security Act (the "Act") and supplemental security benefits under Title XVI of the Act, alleging an onset date of February 14, 2013. [Transcript ("T.") at 294, 301]. The Plaintiff's applications were denied initially and upon reconsideration. [T. at 181-82, 214-15]. Upon Plaintiff's request, a hearing was held on April 14,

2016, before an Administrative Law Judge ("ALJ"). [T. at 118]. On August 31, 2016, the ALJ issued a decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since February 14, 2013. [T. at 94-106]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-4]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)

(internal quotation marks omitted).  "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted).  Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Social Security Administration Regulations

set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an

administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is

entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since her alleged date of onset, February 14, 2013. [T. at 99]. At step two, the ALJ found that the Plaintiff has severe impairments including depression, anxiety with posttraumatic stress disorder, schizoaffective disorder, chronic obstructive pulmonary disease, and obesity. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [T. at 100]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except she must avoid concentrated exposure to cold, heat, humidity, dust, fumes, gases and hazards; she is limited to simple, routine, repetitive unskilled tasks; she is capable of concentrating on simple work tasks for two hours before requiring a break; and she is limited to jobs in a stable, low stress work setting with no more than occasional contact with supervisors, coworkers[,] and the public.

[T. at 102].

At step four, the ALJ determined that because Plaintiff's past relevant work is unskilled, the transferability of job skills is, therefore, not an issue. [T.

6

at 105]. At step five, based on the testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that the Plaintiff can perform, including hand packager and small parts assembler. [Id.]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from February 14, 2013, her alleged date of onset, through August 31, 2016, the date of the ALJ's decision. [T. at 106].

## V. DISCUSSION[1]

In this appeal, the Plaintiff argues, *inter alia*, that the ALJ erred in failing to perform a proper function-by-function analysis of the Plaintiff's impairments. [Doc. 12 at 7]. Specifically, she argues that the ALJ erred in failing to provide a logical bridge between the evidence of record and the RFC assessment, as required by SSR 96-8p. [Id.].

Social Security Ruling 96-8p explains how adjudicators should assess a claimant's RFC. The Ruling instructs that the RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

functions" listed in the regulations.[2] SSR 96-8p; see also Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (noting that remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review) (citation omitted).

When a claimant's claim is based on severe mental health impairments, the Social Security Rules and Regulations require a much more in-depth review and analysis of the claimant's past mental health history. The Regulations make plain that "[p]articular problems are often involved in evaluating mental impairments in individuals who have long histories of ... prolonged outpatient care with supportive therapy and medication." 20 C.F.R. § 404, Appendix 1 to Subpart P, § 12.00(E). The Regulations, therefore, set forth a mechanism for this type of review and documentation, known as the "special technique," to assist ALJs in

---

[2] The functions listed in the regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

assessing a claimant's mental RFC. See SSR 96-8P; 20 C.F.R. §§ 404.1520a, 416.920a.

With regard to mental health issues, "[t]he determination of mental RFC is crucial to the evaluation of your capacity to do [substantial gainful activity] when your impairment(s) does not meet or equal the criteria of the listings, but is nevertheless severe." 20 C.F.R. § 404, Appendix 1 to Subpart P, § 12.00(A). Therefore, the determination of mental RFC, as noted above, is accomplished through the use of the aforementioned "special technique."

> Under the special technique, we must first evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment(s).... If we determine that you have a medically determinable mental impairment(s), we must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document our findings[.]

20 C.F.R. § 404.1520a(b). For this reason, Rule 96-8p explains as follows:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

9

SSR 96-8p. "Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

In this case, the ALJ failed to conduct any function-by-function analysis of Plaintiff's mental health limitations and work-related abilities prior to expressing his RFC assessment. [See T. at 100-02]. At step three, in deciding Plaintiff's mental impairments did not meet or medically equal the "Paragraph B" criteria[3] in listing 12.04 (depressive, bipolar and related disorders) or listing 12.06 (anxiety and obsessive-compulsive disorders), the ALJ made findings on Plaintiff's limitations and difficulties relative to activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. [Id.].[4] The ALJ then noted:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. <u>The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by</u>

---

[3] Paragraph B of these listings provides the functional criteria assessed, in conjunction with a rating scale, to evaluate how a claimant's mental disorder limits his or her functioning. These criteria represent the areas of mental functioning a person uses in a work setting. They are: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. 20 C.F.R. § 404, Appendix 1 to Subpart P, § 12.00(A).

[4] Despite finding that Plaintiff has the severe impairment of schizoaffective disorder, the ALJ's decision contains no mention of listing 12.03 (schizophrenia spectrum and other psychotic disorders).

> itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p). Therefore, the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.

[T. at 102 (emphasis added)].

By finding in step three that Plaintiff suffers from mild restriction in activities of daily living; mild difficulties in social functioning; and moderate difficulties in concentration, persistence or pace, the ALJ found that facts exist which correlate with a limitation on Plaintiff's ability to carry out the areas of mental functioning listed in paragraph B. In formulating Plaintiff's RFC, however, the ALJ failed to explain whether these limitations translated into any actual functional limitations. It appears the ALJ sought to account for Plaintiff's "moderate difficulties" in "concentration, persistence or pace," by restricting Plaintiff to "to simple, routine, repetitive unskilled tasks … concentrating on simple work tasks for two hours before requiring a break … in a stable, low stress work setting." [T. at 26]. However, as in Mascio, while the ALJ determined what functions he believes the Plaintiff can perform, "his opinion is sorely lacking in the analysis needed for [the Court] to review meaningfully those conclusions." Mascio, 780 F.3d at 636-37. Further, the ALJ failed to describe "how the evidence supports each conclusion, citing

11

specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p; Mascio, 780 F.3d at 636. Although the ALJ concluded that the Plaintiff can perform certain functions, "he said nothing about [the Plaintiff's] ability to perform them for a full work day." Id. at 637.[5]

Furthermore, with respect to the provision in the RFC limiting the Plaintiff to "occasional contact with supervisors, coworkers[,] and the public," the ALJ fails to explain the basis for this restriction or how it accounts for Plaintiff's mild limitations in social functioning. A reviewing court cannot be "left to guess about how the ALJ arrived at his conclusions on [a plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended." Mascio, 780 F.3d at 637. It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ

---

[5] The ALJ's hypothetical to the VE includes the ability to work a full eight-hour day, but is restricted to light duty work. [T. at 147-48]. The ALJ's RFC determination, however, indicates that the Plaintiff is capable of performing medium work. [T. at 102]. While the ALJ's determination may be correct, the decision does not explain how he reached this determination, despite finding that the Plaintiff has the severe impairments of chronic obstructive pulmonary disease and obesity, as well as the non-severe impairments of hypothyroidism and diabetes mellitus. [T. at 100]. Moreover, the ALJ's decision fails to demonstrate any consideration of the cumulative limiting effects of these impairments, if any, as required by 20 C.F.R. § 416.945(e).

applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citation omitted). See Patterson v. Comm'r, 846 F.3d 656, 662 (4th Cir. 2017) ("Without documentation of the special technique, it is difficult to discern how the ALJ treated relevant and conflicting evidence.").

For these reasons, this matter will be remanded to the ALJ so that he may comply with the proper procedure for assessing the Plaintiff's mental impairments before expressing an RFC determination. See Mascio, 780 F.3d at 636; Patterson, 846 F.3d at 659, 662. Upon remand, it will be crucial that the ALJ carefully perform a function-by-function analysis of Plaintiff's mental limitations and work abilities, and thereafter "build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189 (citation omitted). A narrative assessment describing how the evidence supports each conclusion, as required by SSR 96-8p, is essential and should account for Plaintiff's limitations in social functioning; activities of daily living; and concentration, persistence or pace and include an assessment of whether Plaintiff can perform work-related tasks for a full work day. See Scruggs, 2015 WL 2250890, at *5 (applying Mascio to find an ALJ must not

only provide an explanation of how a plaintiff's mental limitations affect her ability to perform work-related functions, but also her ability to perform them for a full workday).

For the reasons stated, the Court concludes that a remand is required.[6]

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 14] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: March 21, 2018

Martin Reidinger
United States District Judge

---

[6] The Court notes that to the extent that Plaintiff attempts to weave numerous assignments of error into Plaintiff's argument that the ALJ failed to conduct a function-by-function analysis, such arguments must be set forth in a separate assignment of error to be considered by this Court. See e.g. Gouge v. Berryhill, No. 1:16-CV-00076-MR, 2017 WL 3981146, at *2 (W.D.N.C. Sept. 11, 2017) (collecting cases). Moving forward, the Court instructs counsel for Plaintiff to separately set forth each alleged error, cite relevant legal authority, and include a discussion as to how the cited authority supports her arguments. Because the Court is remanding this matter based upon the Plaintiff's assignment of error with regard to SSR 96-8p, the Court need not address the disparate issues raised by the Plaintiff within her sole assignment of error.